**In the Matter of Alex J. KERTIS.**

**No. 49S00–0111–DI–554.**

Supreme Court of Indiana.

June 13, 2002.

### ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE

Pursuant to Ind. Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline and agreed facts as summarized below.

**Facts:** While serving as personal representative of the estate of a relative, the respondent stole approximately $159,000 from the estate, from which he inherited another $65,000 and collected $25,000 in legal fees. The respondent attempted to conceal his criminal conduct by falsifying the final accounting submitted to the probate court. The court later ordered him to repay $1500 per month to the estate. Six months later, he was found in contempt for failing to comply with that order.

**Violations:** The respondent violated Ind. Professional Conduct Rule 1.15(a), which requires lawyers maintain client funds separate from their own; Prof.Cond.R. 8.4(b), which prohibits a lawyer from committing criminal acts reflecting adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; Prof. Cond.R. 8.4(c), which prohibits lawyers from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation; and Prof.Cond.R. 8.4(d), which prohibits lawyers from engaging in conduct prejudicial to the administration of justice.

**Discipline:** Two-year suspension without automatic reinstatement.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline, noting, however, that we approve a two-year suspension, lenient in light of the facts presented, because it is an agreed resolution resulting in the respondent's prompt removal from practice. Accordingly, the respondent is hereby suspended from the practice of law in this state, effective July 8, 2002, for a period of two years, after which he may seek reinstatement pursuant to Ind. Admission and Discipline Rule 23(4) only if he can demonstrate satisfaction of each element of that rule. Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward notice of this order to the respondent and his attorney; to the Indiana Supreme Court Disciplinary Commission; to the hearing officer; and to all other entities as provided in Ind. Admission and Discipline Rule 23(3)(d).

SULLIVAN, BOEHM, and RUCKER, JJ., concur.

SHEPARD, C.J., and DICKSON, J., dissent, believing the sanction is too lenient.